IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,838-01 & -02






EX PARTE CAL MAURICE BUTLER, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-06-65524-V & F-06-65525-V IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated assault and sentenced to forty years' imprisonment on each count. The Fifth Court of
Appeals dismissed his appeal in cause number F-06-65525-V. Butler v. State, No. 05-07-00968-CR
(Tex. App.--Dallas 2007, no pet.). Applicant did not file an appeal in cause number F-06-65524-V.

 Applicant contends that he was denied his right to appeals. On August 22, 2012, we
remanded these applications and directed the trial court to order a response from counsel and to
determine whether Applicant was denied his right to appeals. On remand, after reviewing a sworn
affidavit counsel filed, the trial court found that she failed to advise Applicant of his right to appeal
and to inquire whether he wanted to appeal. The trial court recommended that we grant Applicant
out-of-time appeals.

 We do not agree. Applicant does not contest that he knew he could appeal his convictions. (1)

Whether Applicant told counsel he wished to appeal his convictions is, however, contested. 
Applicant says he told counsel he did wish to appeal, but in her affidavit, counsel disputes this. The
trial court finds this affidavit to be credible. Given the conflict between these findings of fact and
the trial court's recommendation to grant relief, we believe the trial court should resolve these
inconsistences. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After determining whether Applicant told counsel he wished to appeal his convictions, the
trial court shall make further findings of fact and conclusions of law as to whether Applicant was
denied his right to meaningful appeals. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: October 31, 2012

Do not publish

1. In his applications, Applicant says that after he was tried and sentenced on March 27,
2007, he "expressed to his trial counsel that he desired to Appeal his two convictions in cause
no(s) F06-65524-V and F06-65525-V."